UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIKO RESHAWN RANSOME,<br><br>             Plaintiff,<br><br>      v.<br><br>M. BARON,<br><br>             Defendant. | CASE NO. 1:16-cv-01545-AWI-MJS (PC)<br><br>**ORDER DENYING MOTION TO ATTEND COURT PROCEEDINGS**<br><br>**(ECF No. 8)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. She has declined Magistrate Judge jurisdiction. (ECF No. 7.) No other parties have appeared.

Plaintiff's complaint (ECF No. 1) is before the Court for screening. Also before the Court is Plaintiff's "Motion Re Court Proceedings," wherein she requests leave to attend all court proceedings and have her witnesses present. (ECF No. 8.)

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

1

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.    Plaintiff's Allegations

At all times relevant to this suit, Plaintiff was incarcerated at the Central California Women's Facility ("CCWF") in Chowchilla, California. Plaintiff sues a single Defendant, Correctional Officer M. Baron. Her allegations may be summarized as follows:

Plaintiff is wheelchair bound and suffers from diabetes. On February 12, 2016, Plaintiff went to the officer's station so that Correctional Officer Frutoz could inspect a problem with her wheelchair seat. While Plaintiff was seated in her wheelchair,

Defendant began hitting Plaintiff's wheelchair with the door of the officer's station. When Plaintiff asked him to stop, he continued hitting Plaintiff's wheelchair and did not say anything. Plaintiff's wheelchair was damaged.

Since the incident, Defendant has become verbally abusive, harassing, and disrespectful towards Plaintiff. He calls her racial slurs, makes fun of her disability, locks her outside when it is hot, and knocks on her window to wake her when she is asleep.

Plaintiff accuses Defendant of excessive force, property damage, retaliation, and denial of medical care. She states she is constantly anxious and afraid and her diabetes is "out of control" due to the stress. She seeks compensatory damage and an injunction requiring Defendant to stay away from her and other female inmates.

**IV.  Discussion**

    **A.  Scope of Relief**

Plaintiff asks that Defendant be prevented from working with her or any other women.

In any civil action involving prison or jail conditions seeking prospective relief, the Court will grant only the relief necessary to correct the violations of the rights particular to the case. 18 U.S.C § 3626(a)(1)(A). "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Id.  Plaintiff's desired prospective relief extends beyond the scope of this litigation.

    **B.  Excessive Force**

To state an Eighth Amendment excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Whether the force inflicted unnecessary and wanton pain turns on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)

3

(per curiam) (citing <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992)) (internal quotation marks omitted); <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1028 (9th Cir. 2013).  The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  See <u>Whitley</u>, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." <u>Hudson</u>, 503 U.S. at 9. The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, <u>Hudson</u>, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. <u>Wilkins</u>, 559 U.S. at 37-8 (citing <u>Hudson</u>, 503 U.S. at 9-10) (quotation marks omitted); <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002).

Here, Plaintiff alleges Defendant hit her wheelchair with the door while she was sitting in it. She does not allege that he made any contact with her person, that she suffered pain or any other harm as a result of Defendant's actions, or that Defendant's actions were intended to cause Plaintiff harm. These facts are insufficient to state a claim. Plaintiff will be granted leave to amend.

### C. Conditions of Confinement

Extreme deprivations are required to make out an Eighth Amendment conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) (citations and quotations omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994); <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150-51 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465

1   F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.
2   1998). "Deliberate indifference describes a state of mind more blameworthy than
3   negligence" but is satisfied by something "less than acts or omissions for the very
4   purpose of causing harm or with knowledge that harm will result."  Farmer, 511 at 835.

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [her] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

First, Plaintiff's allegations that Defendant was verbally abusive and harassing do not state a cognizable claim under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) ("[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong); see also 42 U.S.C. § 1997(e) (prisoners cannot bring civil suits in federal court for mental or emotional injuries suffered while incarcerated unless they first show that they suffered physical injury). Likewise, Plaintiff's claims that Defendant knocked on her window to wake her up do not allege a constitutional violation.

Second, Plaintiff has not alleged a cognizable medical care claim against

5

Defendant, as there is no evidence Defendant was in any way responsible for the care and/or treatment of Plaintiff's medical conditions. At most, Defendant's actions had the ancillary, and unforeseeable, effect of exacerbating Plaintiff's condition due to the stress it caused her.

Finally, Plaintiff alleges Defendant locked her outside when it was hot. While such actions could, under extreme circumstances, constitute deliberate indifference to a serious risk of suffering substantial harm, Plaintiff's simple, but broad, statement alleges no such thing.

For the reasons stated above, Plaintiff's claims relating to her conditions of confinement will be dismissed with leave to amend.

### D. Property Damage

Plaintiff alleges Defendant damaged her wheelchair. It is not clear whether the damage was so extensive that her wheelchair was rendered unusable or that Plaintiff was otherwise deprived of her property.

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, the procedural component of the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California provides such a remedy. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895). It does not appear that Plaintiff pursued these remedies prior to filing her lawsuit. Her claims regarding the damage sustained to her wheelchair will therefore be dismissed with leave to amend.

### E. Retaliation

Section 1983 provides for a cause of action against prison officials who retaliate against inmates for exercising their constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the prison context, a viable claim of retaliation entails five basic

elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a complaint or grievance is constitutionally protected. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d at 532.

Here, Plaintiff alleges that Defendant was abusive and harassing. However, she has alleged no protected conduct on her part, nor has she alleged that Defendant's

7

behavior was in response to that protected conduct. Plaintiff's retaliation claim will be dismissed with leave to amend.

**V.     Motion to Attend Court Proceedings**

Plaintiff seeks the Court's leave to attend all court proceedings in this case. She also seeks leave to have her witnesses attend.

First, Plaintiff is advised that pursuant to Local Rule 230(*l*), all motions shall be submitted upon the record without oral argument unless otherwise directed by the Court. There currently are no hearings or other open court procedures scheduled. If and when the Court schedules a hearing at which Plaintiff's presence is invited or required, the Court will arrange for her to appear in person or telephonically. Plaintiff's motion to secure her own attendance in court will therefore be denied as premature.

The same is true with regard to Plaintiff's witnesses. If this case proceeds to a trial or other proceeding justifying or necessitating witness testimony, Plaintiff will be directed as to procedures for securing witness testimony.

For these reasons, Plaintiff's motion for leave to attend court proceedings will be denied without prejudice.

**VI.    Conclusion**

Plaintiff's civil rights complaint states no cognizable claims. Plaintiff has not previously been provided with notice of the deficiencies in her claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if she believes, in good faith, she can cure the identified deficiencies. If Plaintiff amends, she may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff does not wish to file an amended complaint, she must file a notice of willingness to voluntarily withdraw her lawsuit.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on

supervisory personnel under the theory of *respondeat superior*. <u>Iqbal</u>, 556 U.S. at 676-77; <u>Starr</u>, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to attend court proceedings (ECF No. 8) is DENIED without prejudice;
2. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed October 13, 2016;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that she wishes to voluntarily dismiss this case; and
4. If Plaintiff fails to comply with this order, the Court will recommend this action be dismissed for failure to state a claim and failure to obey a court order.

IT IS SO ORDERED.

Dated:   January 23, 2017             /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

9