| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA | |
| KIMIKO RESHAWN RANSOME,<br><br>    Plaintiff,<br><br>v.<br><br>M. BARON,<br><br>    Defendant. | **CASE NO. 1:16-cv-01545-AWI-MJS (PC)**<br><br>**ORDER FINDING COGNIZABLE CLAIM AGAINST DEFENDANT BARON IN HIS INDIVIDUAL CAPACITY**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIM AGAINST DEFENDANT BARON**<br><br>**(ECF No. 14)**<br><br>**FOURTEEN-DAY OBJECTIONS DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 on October 13, 2016. No other parties have appeared. Plaintiff has declined to consent to Magistrate Judge jurisdiction. (ECF No. 7.)

On January 23, 2017, Plaintiff's complaint was dismissed with leave to amend. (ECF No. 10.) Plaintiff filed an amended complaint on March 14, 2017. (ECF No. 11.) The Court screened the amended complaint on November 1, 2017, finding one cognizable claim against Defendant Baron, but dismissing the remaining claims as non-cognizable. (ECF No. 13.) Plaintiff was directed to file a notice of willingness to proceed

on the cognizable claim or to file a second amended complaint. (Id.) Plaintiff elected to file a second amended complaint. (ECF No. 14.) That second amended complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff states a cognizable claim for relief against Defendant Baron for Eighth Amendment excessive force, but still fails to state a cognizable claim against Defendant Baron for unconstitutional conditions of confinement. Accordingly, the undersigned will recommend that Plaintiff's second claim be dismissed with prejudice.

## I.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are

accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III. Plaintiff's Allegations**

At all times relevant to this suit, Plaintiff was incarcerated at the Central California Women's Facility ("CCWF") in Chowchilla, California. Plaintiff sues a single Defendant, Correctional Officer M. Baron.

**A. Original Complaint and Screening Order**

Plaintiff's allegations in the original complaint were summarized in the screening order (ECF No. 10) as follows:

> Plaintiff is wheelchair bound and suffers from diabetes. On February 12, 2016, Plaintiff went to the officer's station so that Correctional Officer Frutoz could inspect a problem with her wheelchair seat. While Plaintiff was seated in her wheelchair, Defendant began hitting Plaintiff's wheelchair with the door of the officer's station. When Plaintiff asked him to stop, he continued hitting Plaintiff's wheelchair and did not say anything. Plaintiff's wheelchair was damaged.
>
> Since the incident, Defendant has become verbally abusive, harassing, and disrespectful towards Plaintiff. He calls her racial slurs, makes fun of her disability, locks her outside when it is hot, and knocks on her window to wake her when she is asleep.
>
> Plaintiff accuses Defendant of excessive force, property damage, retaliation, and denial of medical care. She states she is constantly anxious and afraid and her diabetes is "out

3

of control" due to the stress. She seeks compensatory damage and an injunction requiring Defendant to stay away from her and other female inmates.

(Id. at 2-3.)

The Court dismissed Plaintiff's excessive force claim because she did not allege that Defendant made contact with her person, that she suffered pain or any other harm as a result of Defendant's actions, or that Defendant's actions were intended to cause her harm. (Id. at 4.) The Court dismissed Plaintiff's deliberate indifference claim based on Defendant locking Plaintiff outside when it was hot; the Court noted that such actions could, under some circumstances, constitute deliberate indifference, Plaintiff's broad, allegations contained none of those circumstances. (Id. at 6.)

### B. Amended Complaint

In the amended complaint, Plaintiff re-alleged an Eighth Amendment excessive force claim against Defendant Baron for hitting her wheelchair with a door and a claim for deliberate indifference for locking her outside. (ECF No. 11 at 3-6.)

Plaintiff's allegations in the amended complaint were summarized in the second screening order (ECF No. 13) as follows:

> Plaintiff is wheelchair bound and went to the officer's station because of a problem with her wheelchair seat. She was lawfully in the doorway of the officer's station while an officer there inquired by telephone about the problem. Defendant Baron repeatedly closed the door of the officer's station on her wheelchair and said he would not be doing so if she were not in the doorway. Plaintiff responded that she had permission to be in the doorway and warned him that the seat of her wheelchair was about to collapse. Defendant did not respond, but instead continued to hit her chair with the door. Shortly thereafter, the seat of the wheelchair collapsed, reinjuring Plaintiff's hip and back and necessitating medical care and increased medication for hip and back pain.
>
> Separately (ECF No. 11 at 6), plaintiff alleges that in August of 2016, Defendant Baron closed a door in her face while she was following other inmates inside the prison. She claims that she was left outside with an unnamed prison employee and urinated on herself because unable to get inside to the

4

> bathroom. She had to sit outside in that condition for 45 minutes to an hour.
>
> Plaintiff lists other causes of action arising out of this incident -- "free speech and character defamation claims. It is, however, unclear how such claims could relate to the incident described.

The Court found that Plaintiff had resolved the excessive force claim deficiencies identified in the first screening order, but still stated no cognizable claim for deliberate indifference by being left outside by Defendant Baron. The Court suggested that such a claim might be cognizable as an Eighth Amendment conditions of confinement claim. Furthermore, the Court found Plaintiff's other stated causes of action -- "free speech" and "character defamation" – were unrelated to, and unsupported by, the facts alleged in her pleading.

**C.     Second Amended Complaint**

In the second amended complaint, Plaintiff re-alleges her cognizable excessive force claim, and attempts again to state an Eighth Amendment conditions of confinement claim. (ECF No. 14.)

Concerning the Eighth Amendment conditions of confinement claim, Plaintiff alleges the following:

Defendant Baron generally went out of his way to do Plaintiff harm and put more stress and strain on her body. He did so through constant harassment, including the incident alleged in the excessive force claim. Furthermore, Defendant Baron on one occasion left Plaintiff outside to sit in her own urine for fifteen minutes by closing the door in her face when she was on her way inside. Plaintiff alleges that Defendant Baron knew that Plaintiff needed to use the bathroom, but chose to close the door in her face and said to "tell them," inferring that she was to tell other, unnamed staff members who were present that she needed to use the bathroom. Plaintiff also avers that she went through the chain of command to have Defendant Baron removed from her unit, but he still remained and on another occasion raided Plaintiff's room and threw food around that was in Plaintiff's locker.

5

## IV. Discussion

### A. Eighth Amendment Excessive Force

As found in the previous screening order (ECF No. 13), Plaintiff states a cognizable claim or Eighth Amendment excessive force against Defendant Baron.

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted).

Plaintiff alleges that she was lawfully situated and composed when Defendant Baron repeatedly struck her wheelchair with the door with such force as to cause the seat of the chair to collapse and injure Plaintiff's hip and back. As alleged, the force appears excessive and beyond the bounds of what would have been reasonable to ensure compliance with any lawful command.

### B. Eighth Amendment Conditions of Confinement

Plaintiff has not resolved the issues identified in the amended complaint concerning her claim for being left outside while having to urinate. While Plaintiff has changed the cause of action to one for violation of conditions of confinement, rather than deliberate indifference to a serious medical need, the facts stated still fall short of stating a cognizable claim.

Plaintiff's allegations, as currently stated, remain vague and conclusory. As the

Court noted in the second screening order, they do suggest a setting for a potential Eighth Amendment claim based upon prison conditions. See Thomas v. Illinois, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm); Harding v. Baldwin, No. 16-cv-083-SMY, 2016 WL 2766641, *3 (E.D. Ill. May 13, 2016) ("denying bathroom access to an inmate who has no alternative but to urinate on himself, and then making him sit in his urine-soaked clothes for three hours, suggests an Eighth Amendment violation" for screening purposes); but see Clark v. Spey, No. 01-C-9669, 2002 WL 31133198 at *2-3 (N.D. Ill. Sept. 26, 2002) (inmate held in cold cell with no toilet for several hours overnight failed to state a claim); Ledbetter v. City of Topeka, Kansas, 318 F.3d 1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours in cell lacking a toilet did not state claim for cruel and unusual punishment).

However, merely restricting Plaintiffs access to a prison building for a short period for unknown reasons does not reach the level of violation discussed above or reflect unconstitutional conditions of confinement.

Plaintiff again alludes to the presence of another prison employee with Plaintiff when Defendant Baron left her outside. His or her presence militates against a claim that Plaintiff was left in a position deleterious to her health without an avenue for seeking relief.

Plaintiff's broad allegations of harassment by Defendant Baron do not reflect a constitutional violation either. Specifically, Plaintiff states that on one occasion, Defendant Baron raided her room and tossed food around. It is well-established that prison officials must be allowed to conduct random searches of inmates' cells, as such searches are the best tool against the proliferation of weapons and drugs. Hudson v. Palmer, 428 U.S. 517, 518 (1984). If Plaintiff seeks to challenge an individual search as unconstitutional, she bears the burden of pleading and proving the absence of a legitimate penological objective for the search. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Plaintiff does

not meet the burden with her pleading here. She refers to this incident in broad terms lacking context beyond its inclusion in the section of her complaint discussing being left outside by Defendant Baron.

Plaintiff's allegations that Defendant Baron left her outside with other staff members when she had to use the bathroom, that he searched her cell and left food on the floor, and generally harasses her in other unspecified ways, she describes no acts that would support a claim of unconstitutionality in his behavior.

Accordingly, Plaintiff's conditions of confinement claim should be dismissed. As Plaintiff has now had two opportunities to resolve identified pleading deficiencies, the Court finds that further amendment would be futile.

**VI.     Conclusion and Recommendations**

Plaintiff's second amended complaint states a cognizable claim against Defendant Baron for excessive force. The second claim is not cognizable as pled.

Accordingly, IT IS HEREBY RECOMMENDED that:

(1)     Plaintiff's case proceed on the cognizable excessive force claim against Defendant Baron;

(2)     Plaintiff's claim for Eighth Amendment conditions of confinement against Defendant Baron be dismissed with prejudice;

(3)     The Clerk of the Court send one USM-285 form, one summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the second amended complaint, filed November 29, 2017 (ECF No. 14);

(4)     Within thirty (30) days of the order adopting these recommendations, Plaintiff complete the Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a.     One completed summons;

    b.     One completed USM-285 form for Defendant Baron; and

    c.     Two copies of the second amended complaint filed November 29, 2017; and

(5) Plaintiff not attempt service on Defendants and not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Fed. R. Civ. P. 4 without payment of costs.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: February 28, 2018      /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE