UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIKO RESHAWN RANSOME,<br><br>Plaintiff,<br><br>v.<br><br>M. BARON,<br><br>Defendant. | Case No. 1:16-cv-01545-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On August 23, 2018, the court issued an order directing service. ECF No. 23. Plaintiff was required to complete and return a service packet provided by the clerk of court, including a Notice of Submission of Documents, one completed summons, one completed USM-285 form for defendant Baron, and two copies of the endorsed Second Amended Complaint. *Id.* The court notified plaintiff that "The failure to comply with this order may result in the dismissal of this action." *Id.*

Nonetheless, plaintiff failed to comply with the court's order. *See* ECF No. 23. On September 13, 2018, she submitted some service documents to the court, but she failed to submit a second copy of the endorsed Second Amended Complaint. She also failed to provide an address

1

on the service documents at which to serve defendant.

Accordingly, on September 20, 2018, the court issued a second order directing plaintiff to complete and return service documents. ECF No. 25. The court explained that plaintiff was required to complete and return the documents listed above and to "provide an address on the service documents to serve defendant." *Id.* at 2. The court notified plaintiff that "The failure to comply with this order will result in the undersigned judge recommending dismissal of this action for failure to comply with court orders and prosecute." *Id.*

On October 24, 2018, plaintiff again failed to comply with the court's order. *See* ECF No. 26. Instead of submitting two *complete* copies of the complaint, plaintiff submitted only 7 of 15 pages. Additionally, she once again failed to provide an address on the service documents at which to serve defendant.

The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In considering whether to dismiss the case for failure to prosecute, a court ordinarily considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). These heuristic factors merely guide the court's inquiry; they are not conditions precedent for dismissal. *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California*

*Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently prejudicial to warrant dismissal. *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643, and it is plaintiff's failure to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering plaintiff's incarceration and *in forma pauperis* status, and—given the stage of these proceedings—the preclusion of evidence or witnesses is not available. While dismissal is a harsh sanction, the court has already found that plaintiff's complaint failed to state a claim.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, including the court's need to manage its docket, the court finds that dismissal is appropriate. We recommend dismissal without prejudice.

**Findings and Recommendations**

The court recommends that this case be dismissed without prejudice for plaintiff's failure to prosecute and failure to comply with court orders.

The undersigned submits the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See*

*Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     October 24, 2018

_____
UNITED STATES MAGISTRATE JUDGE